PEOPLE v SCARBOROUGH

Docket No. 129337. Submitted February 21, 1991, at Detroit. Decided May 20, 1991, at 9:10 A.M. Leave to appeal sought.

Jack R. Scarborough pleaded guilty in the Detroit Recorder's Court of possession with intent to deliver 50 to 225 grams of cocaine and of possession of a firearm during the commission of a felony. On February 23, 1990, the court, Michael J. Talbot, J., sentenced the defendant to ten to twenty years' imprisonment for the cocaine conviction, determining that the penalty provisions of the controlled substances act that were in effect when the defendant committed his offenses in 1987, rather than the amended provisions in effect on the date of sentencing, were controlling. The court also sentenced the defendant to two years' imprisonment for the felony-firearm conviction. The defendant appealed.

The Court of Appeals held:

Pursuant to the lead opinion and the concurring opinion in People v Schultz, 435 Mich 517 (1990), the amended penalty provisions of the controlled substances act should be applied in cases which were pending in the trial courts when the amendments took effect. The amended provisions also should be applied in cases where the issue was raised on direct appeal.

At the time of sentencing in this case, MCL 333.7401(2)(a)(iii), 333.7401(4); MSA 14.15(7401)(2)(a)(iii), 14.15(7401)(4), as amended by 1989 PA 143, effective September 28, 1989, provided a penalty of ten to twenty years' imprisonment for possession with intent to deliver 50 to 225 grams of cocaine, but permitted sentencing courts to depart from the ten-year minimum term where there were substantial and compelling reasons for doing so. The trial court should have adhered to the amended provisions and determined whether there were substantial and compelling reasons to depart from the mandatory minimum term.

Sentence vacated and case remanded for resentencing.

REFERENCES

Am Jur 2d, Criminal Law §§ 590, 598, 599; Drugs, Narcotics, and Poisons § 48.

See the Index to Annotations under Amendment; Drugs and Narcotics.

REILLY, P.J., concurring in part and dissenting in part, stated that the majority's reliance on *People v Schultz* is misplaced because only three justices reached agreement on the basis for retroactive application of the amended penalty provisions of the controlled substances act. However, in the interests of fairness and judicial economy, Judge REILLY reluctantly concurred in the result reached by the majority because the Supreme Court has repeatedly upheld retroactive application of the amended penalty provisions in numerous appeals since *Schultz* was decided.

CONTROLLED SUBSTANCES — CRIMINAL LAW — SENTENCES — DEPARTURE — CONTROLLED SUBSTANCES ACT.

The amendment of the controlled substances act that permits a court to depart from the statutory minimum sentence for the unlawful manufacture, delivery, or possession of a controlled substance should be applied where an offense was committed before the effective date of the amendment but sentence was imposed after that date (MCL 333.7401(4); MSA 14.15[7401][4]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Kathleen T. Donahue,* Assistant Prosecuting Attorney, for the people.

*David Cripps,* for the defendant on appeal.

Before: REILLY, P.J., and SHEPHERD and MARILYN KELLY, JJ.

MARILYN KELLY, J. On February 23, 1990, defendant pled guilty to possession with intent to deliver between 50 and 225 grams of cocaine and possession of a firearm during the commission of a felony. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii); MCL 750.227b; MSA 28.424(2). The trial court sentenced him to a mandatory two-year prison term for the firearm offense, to be followed by a ten- to twenty-year term for the drug offense. The court noted that, with respect to the sentence

for the drug offense, it was applying the penalty provisions that were in effect in 1987 when defendant committed the crime.

Defendant appeals his sentence as of right. He argues that the trial court should have made retroactive application of the amended penalty provisions of the controlled substances act which were in effect on the date of sentencing. MCL 333.7101 *et seq.*; MSA 14.15(7101) *et seq.* We agree.

When defendant was arrested, the act mandated that those convicted of possession with intent to deliver between 50 and 225 grams of cocaine be sentenced to ten to twenty years. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). It did not authorize the court to depart either from the ten year minimum term or from the twenty year maximum.

Effective March 30, 1988, the Legislature amended the act, reducing the minimum sentence from ten years to five years. 1987 PA 275. It also authorized the sentencing court to depart from the minimum sentence if it found on the record substantial and compelling reasons to do so. MCL 333.7401(4); MSA 14.15(7401)(4).

Effective September 28, 1989, the Legislature again amended the penalty provisions for the crime of possession with intent to deliver between 50 and 225 grams of cocaine. 1989 PA 143. It restored the former minimum sentence of ten years. However, it maintained the provision which permitted the trial court to depart from the minimum sentence upon a finding of substantial and compelling reasons. MCL 333.7401(4); MSA 14.15(7401)(4).

Our Supreme Court recently ruled on the issue before us. It held that the amended penalty provisions of the controlled substances act should be applied in cases which were pending in the trial

court when the amendments took effect. The amended provisions should be applied also in cases where the issue was raised on direct appeal. *People v Schultz,* 435 Mich 517, 526-531, 533-534; 460 NW2d 505 (1990).

The holding in *Schultz* is based on a lead opinion signed by three justices plus a concurrence by Justice BOYLE. Justice BOYLE's concurrence contains very similar reasoning to that of the lead opinion. *Id.,* 533-534.

Technically, the *Schultz* holding is not binding on this Court. It is a plurality opinion in which a majority of the justices failed to concur on the exact reasoning for the holding. *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976); *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973).

Nonetheless, we apply the holding in *Schultz* to the instant case. Four justices of the Supreme Court there addressed the issue now under consideration and concluded that the amendments to the act should be applied retroactively. Their reasonings were, if not the same, at least very similar. It would be wasteful of judicial resources to disregard *Schultz.* Defendant and those similarly situated to him would surely receive the benefit of sentencing under the amendments to the act upon appeal to the Supreme Court. Moreover, we are persuaded that the holding of the *Schultz* decision was correct. See also *People v Thomas Miller,* 182 Mich App 482, 485-486; 453 NW2d 269 (1990).

On remand, the trial court should consider whether substantial and compelling reasons exist to set defendant's sentence below the minimum ten year term. MCL 333.7401(4); MSA 14.15(7401)(4). Among the factors to be considered are: rehabilitation, deterrence, the protection of society and punishment. *Schultz, supra,* 531-532. See also *Peo-*

*ple v Troncoso,* 187 Mich App 567; 468 NW2d 287 (1991).

Defendant's sentence is vacated, and the case is remanded for resentencing. We do not retain jurisdiction.

SHEPHERD, J., concurred.

REILLY, P.J. *(concurring in part and dissenting in part).* I respectfully dissent with regard to the majority's application of *People v Schultz,* 435 Mich 517; 460 NW2d 505 (1990). *Schultz* is not controlling because only three members of the Court agreed on the basis for the ruling. An opinion is not binding precedent unless a majority agree on the rationale. *Van Dyke v League General Ins Co,* 184 Mich App 271; 457 NW2d 141 (1990); *DeMaria v Auto Club Ins Ass'n (On Remand),* 165 Mich App 251; 418 NW2d 398 (1987); *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976); *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973).

As I have previously agreed with the reasoning of the dissenters in *Schultz,* and as I am not required to rule otherwise because *Schultz* is not binding, I would affirm defendant's conviction and sentence.

However, since *Schultz* was decided, our Supreme Court, in lieu of granting leave to appeal, has repeatedly vacated rulings of this Court and reinstated sentences imposed by trial courts in those cases where the trial courts had retroactively applied the amended version of § 7401 in sentencing defendants. In so ordering, the Supreme Court expressly relied on *Schultz.* See, for example, *In re People v Cunningham,* 437 Mich 867 (1990). Therefore, in the interests of fairness and judicial economy, I reluctantly concur in the result reached by the majority.