PEOPLE v CATANZARITE

Docket Nos. 165709, 168610. Submitted October 20, 1994, at Detroit. Decided June 23, 1995, at 9:15 A.M. Leave to appeal sought.

Frank R. Catanzarite was convicted in the Recorder's Court of Detroit, Thomas J. Brennan, J., of possession with intent to deliver 225 grams or more, but less than 650 grams, of cocaine. The proofs at trial established that the defendant was stopped while driving a vehicle towing a trailer that did not have a license plate. A Law Enforcement Information Network check revealed that there was an outstanding arrest warrant for the defendant. While awaiting confirmation that the arrest warrant was valid, a state trooper forcibly took from the defendant a small leather bag that he was holding and put it in the patrol car. Upon receiving confirmation of the warrant, the trooper arrested the defendant and opened the bag and discovered two packets containing 36.3 grams of cocaine. The defendant's vehicle was searched, and $16,319 in cash and 470.98 grams of cocaine were found in a garment bag behind the front seat. The passenger riding with the defendant was arrested, and the vehicle was impounded. The defendant was sentenced to a prison term of twenty to thirty years. At the time of sentencing, the court granted the defendant's motion for a bond pending consideration of a motion for a new trial. In November 1992, the prosecution moved to revoke the bond because no action had occurred in the five years since sentencing. The court, Samuel A. Turner, J., granted the motion, revoked the bond, and ordered the defendant to begin serving his sentence. The defendant moved for a new trial and for resentencing. The court, Dalton A. Roberson, J., denied the motion for a new trial, but granted the motion for resentencing, found substantial and compelling reasons for departing from the mandatory minimum sentence, and sentenced the defendant to time already served, six months. The prosecution appealed, raising the issue of the resentencing, and the defendant cross appealed,

REFERENCES

Am Jur 2d, Evidence § 340.

See ALR Index under Evidence Rules; Prior Offenses and Convictions.

raising the issue of the denial of his motion for a new trial. The appeal of the prosecution was dismissed for lack of jurisdiction. The prosecution appealed by leave granted. The cross appeal and appeal were consolidated.

The Court of Appeals *held:*

1. The evidence, viewed in the light most favorable to the prosecution, was sufficient to permit the trial court, sitting as the trier of fact, to conclude that the defendant had possession and control not only of the cocaine found in the bag he had been holding but also of the cocaine found in the vehicle he was driving and to infer from the amount of cocaine that the defendant intended to sell the cocaine.

2. The trial court did not err in refusing to admit evidence that showed that the passenger in the vehicle had been convicted of conspiracy to possess with intent to distribute marijuana in 1983. Although MRE 404(b)(1), which permits evidence of other crimes under certain circumstances, applies to the acts of any person, even one who is not a defendant, codefendant, victim, or witness, evidence of the passenger's prior conviction would not establish that the passenger knew of the cocaine or that the defendant did not have knowledge of the cocaine and, thus, was not admissible pursuant to MRE 404(b)(1).

3. The prosecution has no duty to grant a witness immunity from prosecution. Accordingly, the trial court did not err in denying the defendant's request for immunity for the passenger.

4. The search of the defendant's bag shortly after his arrest and while he was still at the scene was a search incident to a lawful arrest and, therefore, valid.

5. The original sentence imposed was valid, there being no support for the assertion that the court failed to individualize the sentence. The twenty-year minimum sentence imposed by the court was required by statute at the time of sentencing.

6. The Supreme Court in *People v Schultz,* 435 Mich 517 (1990), held that the provision of 1987 PA 275 amending the Public Health Code so as to permit sentencing courts to depart from the mandatory minimum sentences for certain controlled substances offenses for substantial and compelling reasons is applicable to cases that were pending in the trial court on the date the amendment took effect, March 30, 1988, and to cases where the issue was raised on direct appeal. Because the defendant had not appealed as of right on the date the amendment took effect, the trial court was authorized to depart from the mandatory minimum sentence.

7. Although a departure from the mandatory minimum

sentence was justified, the sentence imposed is so grossly inadequate and in such clear disregard of the Legislature's intent that the imposition of that sentence was a clear abuse of discretion by the court. Resentencing of the defendant is required.

Conviction affirmed; case remanded for resentencing.

JANSEN, J., concurring in part and dissenting in part, stated that the conviction should be affirmed, but that the defendant is not entitled to resentencing pursuant to *People v Schultz,* 435 Mich 517 (1990), because on the date the amendment permitting departure from the minimum sentence took effect the matter was not pending in the trial court and because the defendant never pursued a timely appeal because he failed to pursue a timely motion for a new trial. The original sentence was valid and should be reimposed.

EVIDENCE — PRIOR CONVICTIONS — RULES OF EVIDENCE.

The rule of evidence dealing with the use of evidence of prior convictions for certain purposes is by its own language applicable to any person and is not restricted to evidence concerning only a defendant, a codefendant, a witness, or a victim (MRE 404[b][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Kenneth R. Sasse,* for the cross appellant in 165709 and the cross appellee in 168610.

Before: WAHLS, P.J., and JANSEN and J. P. NOECKER,* JJ.

WAHLS, P.J. Following a bench trial in 1986, defendant was convicted of possession with intent to deliver 225 grams or more, but less than 650 grams, of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and was sentenced to twenty to thirty years' imprisonment. The trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

granted a bond pending defendant's filing a motion
for a new trial. Five years later, the prosecution
filed a motion to revoke the bond upon realizing
that no final disposition had been rendered. The
court granted the motion and ordered defendant to
begin serving his sentence. Defendant filed a mo-
tion for a new trial and a motion for resentencing.
The court denied the motion for a new trial, but
granted resentencing and reduced defendant's sen-
tence to time served, which was six months. In
Docket No. 165709, defendant appeals as of right.
Regarding Docket No. 168610, this Court granted
the prosecutor's application for leave to appeal
defendant's sentence. We now affirm defendant's
conviction, but remand for resentencing.

On June 24, 1986, defendant was driving a GMC
Jimmy, which was towing a trailer, with Paul
Spikes as a passenger. The Jimmy had been re-
cently purchased in the name of C & S Auto, a
business of which defendant and Spikes were part-
ners. A Michigan state motor carrier officer no-
ticed that the Jimmy was driving partially in the
center lane and that the trailer did not have a
license plate. The officer activated his emergency
lights and defendant pulled over.

After running defendant's name through a Law
Enforcement Information Network check, the offi-
cer learned that there was an outstanding arrest
warrant for disorderly conduct. A Michigan state
trooper arrived and requested confirmation that
the arrest warrant was valid. He then spoke to
defendant, who was standing outside the car and
holding a small leather bag. The trooper forcibly
took the bag from defendant after defendant re-
fused to hand it over, and the trooper placed the
bag in his patrol car. Upon receiving confirmation
of the warrant, the trooper handcuffed the defen-
dant and placed him under arrest. The trooper

opened the bag and discovered two cellophane packets containing 36.3 grams of cocaine. The trooper searched the Jimmy and discovered on the floor behind the front seat a garment bag containing $16,319 in cash and 470.98 grams of cocaine. Paul Spikes then was placed under arrest, and the Jimmy was impounded.

### DOCKET NO. 165709

### A

First, defendant contends that the evidence was insufficient to support his conviction of possession with intent to deliver between 225 and 650 grams of cocaine. We disagree.

In determining whether sufficient evidence was presented to sustain a conviction, an appellate court is required to view the evidence in a light most favorable to the prosecution and to determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Jaffray,* 445 Mich 287, 296; 519 NW2d 108 (1994); *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). To sustain a conviction for this offense, the prosecution is required to show (1) that the recovered substance was cocaine, (2) that the cocaine was in a mixture weighing between 225 and 650 grams, (3) that the accused was not authorized to possess the cocaine, and (4) that the accused knowingly possessed the cocaine with the intent to deliver it. *People v Wolfe,* 440 Mich 508, 517; 489 NW2d 748 (1992). Possession may be either actual or constructive. Constructive possession is established where the accused had the right to exercise control of the cocaine and knew that it was present. *Id.* at 520.

Viewed in a light most favorable to the prosecu-

tion, the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant knowingly possessed the cocaine with intent to deliver. Defendant was driving the Jimmy at the time it was stopped by the officer and subsequently was holding a leather bag that contained 36.3 grams of cocaine. We believe that an inference reasonably may be made from this evidence that defendant knew that more cocaine was in the garment bag and that defendant had the right to exercise control over it. Moreover, given the amount of the cocaine involved, a reasonable inference can also be drawn that defendant intended to sell the cocaine. *People v Ray,* 191 Mich App 706, 708; 479 NW2d 1 (1991). Therefore, the evidence was sufficient to support his conviction.

**B**

Next, defendant claims that the trial court erred in failing to admit evidence that showed that Paul Spikes had been convicted of conspiracy to possess with intent to distribute marijuana in 1983. We disagree.

MRE 404(b), at the time of trial, provided:

Evidence of other crimes, wrongs or acts is not admissible to prove the character *of a person* in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged. [Emphasis added.]

Evidence of another crime may be admitted if (1)

it is relevant to an issue other than character or propensity, (2) it is relevant to an issue or fact of consequence at trial, and (3) its probative value is not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet,* 444 Mich 52, 74-75; 508 NW2d 114 (1993). The admissibility of other bad-acts evidence is a matter within the trial court's discretion. *People v Miller,* 198 Mich App 494, 495; 499 NW2d 373 (1993).

This Court has previously held that MRE 404(b), now 404(b)(1), applies to the admissibility of evidence of other acts of any person, such as a defendant, a victim, or a witness. *People v Rockwell,* 188 Mich App 405, 409-410; 470 NW2d 673 (1991). Paul Spikes, however, was neither a codefendant nor a witness. Although there are no Michigan cases on point, the Ninth Circuit Court of Appeals has held that FRE 404(b) permits an accused to introduce "other crimes, wrongs, or acts" of a third party, *United States v McCourt,* 925 F2d 1229, 1231-1232 (CA 9, 1991), noting that the rule on its face applies to "a person," and is not limited to the defendant. *Id.* at 1231. See also *State v Gardner,* 1 Neb App 450, 456-458; 498 NW2d 605 (1993). MRE 404(b)(1), which is virtually identical to FRE 404(b), also on its face applies to "a person." Therefore, we are persuaded by these decisions that a defendant may introduce prior bad acts of a third party.

Nonetheless, a defendant remains bound by the requirement that the evidence is not offered to prove conformity with character. At trial, defendant argued that evidence of Spikes' prior conviction was admissible in order to prove that Spikes had knowledge that the cocaine was in the garment bag. However, whether Spikes knew there was cocaine in the bag was not relevant to whether defendant knowingly possessed the co-

caine with intent to deliver. Furthermore, we dis-
agree with defendant that the prior conviction
establishes Spikes' knowledge of the cocaine.
Rather, the evidence only establishes that Spikes
may have acted in conformity with his prior drug
trafficking on this occasion, a purpose that is
prohibited under MRE 404(b)(1). Accordingly, we
find that the court did not abuse its discretion in
disallowing the evidence.

C

Next, defendant argues that the government
should have been compelled to grant Paul Spikes
immunity from prosecution because then Spikes
would have testified on defendant's behalf and
admitted that he, rather than defendant, possessed
the cocaine. We disagree. A prosecutor has no duty
to grant a witness immunity so that the witness
can testify for a defendant, and a defendant can-
not compel a grant of immunity. *People v Lawton,*
196 Mich App 341, 346; 492 NW2d 810 (1992).
Therefore, the court did not err in denying defen-
dant's request for immunity for Paul Spikes.

D

Lastly, defendant contends that the search with-
out a warrant of his leather bag was unconstitu-
tional. We disagree.

The Fourth Amendment of the United States
Constitution and its counterpart in the Michigan
Constitution guarantee the right of persons to be
secure against unreasonable searches and seizures.
US Const, Am IV; Const 1963, art 1, § 11. A search
incident to an arrest is a reasonable search and,
therefore, permitted by the Fourth Amendment,
even though the police do not have a search war-

rant. *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969); *People v Arterberry,* 431 Mich 381, 384; 429 NW2d 574 (1988); *People v Chapman,* 425 Mich 245, 250; 387 NW2d 835 (1986). Within the warrant exception for searches incident to an arrest, the police may search the arrestee and the area within his immediate control, *Chimel, supra* at 763, as well as any containers seized from the arrestee. *United States v Robinson,* 414 US 218; 94 S Ct 467; 38 L Ed 2d 427 (1973). Furthermore, when the police have made a lawful arrest of the occupant of a vehicle, the officers may search the entire passenger compartment of the automobile, as well as any closed containers found during search of that area. *New York v Belton,* 453 US 454, 458-460; 101 S Ct 2860; 69 L Ed 2d 768 (1981).

In this case, defendant was stopped for towing a trailer without a license plate, but was detained for an outstanding arrest warrant for disorderly conduct. The trooper who arrived upon the scene during the detention seized the leather bag from defendant as he was standing outside the vehicle. The trooper testified at the preliminary examination that he seized the bag out of concern for his own personal safety. The trooper put the bag in his patrol car and then placed defendant under arrest once he received confirmation that the outstanding warrant was valid. The search of the bag occurred after defendant was handcuffed and inside the patrol car.

Defendant argues that the exception for searches incident to an arrest is not applicable because the bag was not within his immediate control at the time the trooper searched it. Notably, cases from other jurisdictions have rejected this narrow interpretation that a search of a container incident to an arrest is barred once the

police have exclusive control of the container upon seizing it from the arrestee. Generally, a search of the container will be upheld where the events that transpired between the arrest and the search do not render the search unreasonable. *United States v Nohara,* 3 F3d 1239, 1243 (CA 9, 1993); *United States v Turner,* 926 F2d 883, 887-888 (CA 9, 1991); *United States v Morales,* 923 F2d 621 (CA 8, 1991); *United States v Fleming,* 677 F2d 602, 607 (CA 7, 1982); *State v Smith,* 119 Wash 2d 675; 835 P2d 1025 (1992); *State v Sassen,* 240 Neb 773; 484 NW2d 469 (1992); *Ricks v State,* 322 Md 183; 586 A2d 740 (1991); *Commonwealth v Madera,* 402 Mass 156; 521 NE2d 738 (1988); *State v Heinen,* 114 Idaho App 656; 759 P2d 947 (1988); *State v Boff,* 766 P2d 646 (Colo, 1988); *Carrasco v State,* 712 SW2d 120 (Tex Crim App, 1986). See also 2 LaFave, Search and Seizure (2d ed), § 5.5(a), pp 535-536. Most of these cases have found the search of a container reasonable when it occurred at the scene while the accused was still present and within a reasonable amount of time from the arrest. In our case, defendant was in actual possession of the bag before his arrest, and the search occurred within minutes after he was placed under arrest and at the scene of the arrest. Under these circumstances, we find that the search of the bag was not unreasonable. Therefore, the search was a valid search incident to an arrest.

### DOCKET NO. 168610

The prosecution first contends that the court did not have authority to resentence defendant. We disagree.

A court may correct an invalid sentence, but may not modify a valid sentence after it has been imposed except as provided by law. MCR 6.429(A);

*In re Jenkins,* 438 Mich 364, 368; 475 NW2d 279
(1991). An invalid sentence refers to any error or
defect in the sentence or sentencing procedure
that entitles a defendant to be resentenced or to
have the sentence changed. *People v Pfeiffer,* 207
Mich App 151, 158-159; 523 NW2d 640 (1994).

In this case, the trial court held that the origi-
nal sentence was invalid because the sentencing
judge based the sentence upon local sentencing
policies. A sentence is invalid if the court conforms
the sentence to a local sentencing policy rather
than imposing an individualized sentence. *People v
Whalen,* 412 Mich 166, 169-170; 312 NW2d 638
(1981); *People v Chapa,* 407 Mich 309; 284 NW2d
340 (1979). At sentencing, the judge stated:

> One of the problems and it's just so bad with
> drugs, and I've noticed—I can say I've noticed this
> personally because of my experience here in court,
> people who haven't been involved in any kind of
> crime are getting involved in drugs because there's
> so much money in it . . . .
> [*The Defendant:*] Your honor—
> . . . one or two times and they can get themselves
> all set for life. I realize that big car manufacturer,
> DeLorean, wasn't found guilty and I guess we have
> to stand by that decision but I think he decided he
> was going to make his money that way and he had
> never been involved in any crime before, at least
> he was tried for that. I say that because you're 45
> years old and you have had a productive life and
> not a life of crime, and your family isn't a family
> of any notoriety in crime, but this drug thing is
> beyond all of us.

From these comments, we conclude that the judge
did not base the original sentence upon local sen-
tencing policies, but rather was remarking upon
the senseless motivations of people with no crimi-

nal backgrounds to engage in drug trafficking. Therefore, the original sentence was not invalid.

Regardless of the validity of the sentence, we believe that the trial court was authorized to consider whether there were substantial and compelling reasons to depart from the mandatory minimum sentence of twenty years. Effective March 30, 1988, the Legislature amended the controlled substances act to allow a sentencing court to depart from the statutory minimum sentences if it found on the record substantial and compelling reasons to do so, MCL 333.7401(4); MSA 14.15(7401)(4). 1987 PA 275. The Michigan Supreme Court has ruled that the amendment should be applied retroactively to cases that were pending in the trial court when the amendments took effect and to cases where the issue was raised on direct appeal. *People v Schultz,* 435 Mich 517, 526-531, 533-534; 460 NW2d 505 (1990). See also *People v Scarborough,* 189 Mich App 341; 471 NW2d 567 (1991). Although the amendment was not in effect at the time of the original sentence, defendant had not yet fully appealed as of right when MCL 333.7401(4); MSA 14.15(7401)(4) became effective. Because the Supreme Court has granted resentencing in numerous cases that were pending when the act was amended, *Scarborough, supra,* the trial court was authorized to reduce defendant's sentence below the mandatory minimum sentence.

We must now determine whether the trial court abused its discretion in departing from the statutory mandatory minimum sentence. A court may deviate downward from a mandatory controlled substance sentence pursuant to MCL 333.7401(4); MSA 14.15(7401)(4) if there are substantial and compelling reasons to do so. The substantial and compelling reasons must be objective and verifiable. *People v Harvey,* 203 Mich App 445, 446; 513

NW2d 185 (1994); *People v Hill,* 192 Mich App 102, 105; 480 NW2d 913 (1991). The factors to be considered may include, but are not limited to: (1) the facts of the crime that mitigate the defendant's culpability, (2) the defendant's prior record, (3) the defendant's age, (4) the defendant's work history, (5) the defendant's cooperation with police following arrest, and (6) the defendant's criminal history. *Id.* at 110, 114.

Here, the trial court gave the following reasons for departing from the statutory minimum:

> As the record reveals, Defendant Catanzarite was forty-five years of age when he committed the offense. Prior to 1986, Defendant had no significant contact with the criminal justice system as a juvenile or as an adult. Voluminous, [sic] correspondence received by this Court further reveals that Defendant raised and educated three daughters, was involved in community service and gainfully employed prior to starting his own business. Additionally, since being out on bond, Defendant has obeyed all the laws of the State of Michigan. Therefore, in view of these pre and post arrest factors, this court concludes that Defendant Catanzarite should be sentenced to time served.

We agree with the court that a departure was justified by substantial and compelling reasons. However, a six-month sentence for a case involving over five hundred grams of cocaine is grossly inadequate and in clear disregard of the Legislature's intent to use harsh sentences against drug dealers. Given the amount of cocaine involved and the degree of departure, we find that the sentence is disproportionately low and was clearly an abuse of discretion. Therefore, defendant must be resentenced.

Accordingly, we affirm defendant's conviction

but remand for resentencing. We do not retain jurisdiction.

J. P. NOECKER, J., concurred.

JANSEN, J. *(concurring in part and dissenting in part).* I concur that defendant's conviction should be affirmed for the reasons set forth by the majority. However, while this case should be remanded for resentencing, defendant is not entitled to the benefit of the opinion in *People v Schultz,* 435 Mich 517; 460 NW2d 505 (1990). Defendant should be resentenced to the mandatory term of twenty to thirty years' imprisonment.

I

The offense in this case occurred on June 24, 1986, when a Michigan State Police trooper observed defendant's GMC Jimmy to be swerving between two lanes of a highway and towing a trailer without a trailer license plate. The trooper activated the emergency lights and pulled defendant over. Defendant, the driver of the vehicle, got out and was holding a small leather bag. With defendant was his codefendant, David Paul Spikes, who was a passenger in the vehicle. When the trooper who pulled defendant over radioed headquarters with defendant's name and date of birth, he discovered that there was a warrant for defendant's arrest. The trooper asked for, and received, backup.

After arresting defendant, a backup officer forcibly took the leather pouch from defendant, who would not voluntarily relinquish it, and he found two cellophane packets containing a white powder. The white powder was later determined to be 36.3 grams of cocaine. The officers then searched the

vehicle and found a garment bag on the floor
behind the front seats. They found a pouch con-
taining approximately $16,000 in cash and seven-
teen white packets containing a white powder. The
white powder was later determined to contain
470.98 grams of cocaine.

This was a relatively straightforward case. De-
fendant's claim that he knew nothing about the
cocaine in the garment bag in the car is entitled to
little weight. After being pulled over, defendant
left the car holding a leather pouch containing
cocaine that he resisted giving to the state troop-
ers.

II

My concern, however, is not with the majority's
disposition of defendant's issues concerning his
conviction, but with the manner in which this case
has been handled since defendant's sentencing in
the lower court. A full recitation of the lower
court proceedings is necessary.

Defendant was tried in a bench trial before
Judge Thomas J. Brennan. The trial occurred on
December 15 and 16, 1986. Judge Brennan con-
victed defendant of possession with intent to de-
liver 225 grams or more, but less than 650 grams,
of cocaine. Defendant then filed a motion for a
new trial on January 14, 1987. The motion was
adjourned pending the court reporter's preparation
of the trial transcripts. Judge Brennan then sen-
tenced defendant on January 28, 1987, to twenty
to thirty years' imprisonment, the correct statu-
tory sentence. At the time of sentencing, Judge
Brennan granted defendant's motion for bond
pending the motion for a new trial.

Defendant's motion for bond should not have
been granted. Defendant filed a motion for bond

pending appeal. Despite the fact that defendant had not filed a claim of appeal, and this was noted by Judge Brennan, the trial judge still entertained the motion. After imposing the sentence, Judge Brennan decided to grant defendant a bond pending the motion for a new trial. This was despite the fact that defendant resided in Tiburon, California, and that this case involved over five hundred grams of cocaine, thus carrying a mandatory minimum prison term of twenty years. I would conclude that, under these circumstances, the trial court abused its discretion in granting defendant a bond. MCR 7.209(B)(2).

In fact, Judge Brennan predicted exactly what would happen in this case if he granted the bond. Incredibly, the following colloquy occurred at sentencing:

> [*The Prosecutor*]: Well, the only problem Your Honor, is that in these particular cases, I'm not saying that defense counsel would do it but it has occurred in the past, that the Court has allowed the defendant to have bond pending appeal before a claim of appeal was filed and then the case would linger for years and years without any further action. Once a claim of appeal is filed then it's the attorney for the defendant [sic] responsibility to pursue the matter until it's disposed of, and then this Court would have notice of any disposition of it. At that particular time, this Court could cancel bond pending appeal or take the appropriate disposition of the case. Otherwise, the case is lost in the system.
>
> *The Court:* Well, I had a case about four years ago which was not of great import, it was a criminal case and it had no penalties anywhere near what we have here, and the attorney asked for— that's the only time that I granted it, a bond pending appeal, and I think I mentioned it to [the prosecutor], I can recall it well, it [got] caught in the cracks, and five years later, I think there was

probably only a two year sentence on the case . . .
five years later I got word from the Court of
Appeals or the prosecutor's office, or somebody . . .
what are you doing with this man . . . he's never
served any time. And so I then looked into it and I
found that the attorney had just plain not followed
through and it's difficult, it's nice if we can do it,
but it's difficult for the Court to keep a diary on
every case that passes through here, and I can see
what [the prosecutor] is saying.

On March 7, 1987, the court reporter filed the
certificate indicating that the transcripts had been
completed. On April 30, 1987, defense counsel
wrote to the trial judge indicating that the tran-
scripts had been filed and that the matter was
ready for a hearing. For some reason, no action
was taken in this case until the prosecutor filed a
motion to revoke bond on November 13, 1992. This
motion was to be before Judge Samuel A. Turner,
Judge Brennan's successor. Apparently, Judge
Turner revoked the bond on November 20, 1992;
however, there is no actual order in the lower
court record or any transcript if there was a
proceeding in court.

It appears that beginning with the prosecutor's
motion to revoke bond, a new lower court file was
created in this case. This Court has never received
the lower court file containing the pleadings and
other documents relating to the actual trial and
sentencing. The only transcripts that have been
filed with this Court are the preliminary examina-
tion transcript, the two trial transcripts, and the
sentencing transcript. It is not clear why a new
lower court file would have been created at the
point where the prosecutor filed the motion to
revoke bond in November 1992. Further, the first
motion for a new trial (filed in January 1987) is
not contained in the lower court record. I seriously

question whether the motion was ever filed in good faith.

In December 1992, defendant moved to reinstate his bond and filed a supplemental motion for a new trial and for resentencing. The motions were to be heard by Judge Turner on December 22, 1992, pursuant to a praecipe contained in the lower court record. Without explanation in the record, this case ended up before Chief Judge Dalton A. Roberson. There is no order in the lower court file transferring this case to Judge Roberson, nor is there any indication regarding why this case was transferred to Judge Roberson's docket. It appears that this case should have been decided by Judge Turner, as Judge Brennan's successor, because there is absolutely no indication that Judge Turner could not decide the motion for a new trial and for resentencing because of "death, illness, or other disability." MCR 2.630.

In an opinion and order dated May 26, 1993, Judge Roberson denied defendant's motion for a new trial and granted his motion for resentencing. Judge Roberson found that there were substantial and compelling reasons to depart from the mandatory minimum sentence of twenty years and proceeded to sentence defendant to "time served." This constituted only six months' imprisonment for a crime involving over five hundred grams (more than one pound) of cocaine. Judge Roberson then ordered that defendant be immediately released from custody.

III

In his opinion and order, Judge Roberson concluded that the remarks, as noted by the majority, by Judge Brennan at sentencing constituted a sentence based upon local sentencing policies and

was, therefore, an invalid sentence. *People v Whalen,* 412 Mich 166, 170; 312 NW2d 638 (1981). Judge Roberson's conclusion in this regard was wrong. It is clear that Judge Brennan's reasons for the sentence imposed were not based upon local sentencing policies.

The original sentence of twenty to thirty years imposed by Judge Brennan was not invalid for another reason not cited by the majority. The sentence was mandated by the statute in effect at the time of sentencing to be twenty to thirty years. When defendant was sentenced in January 1987, the applicable statutory provision mandated a sentence of twenty to thirty years, and there was no provision at that time allowing trial courts the discretion to depart from the mandatory minimum sentences. Thus, the trial court was required to sentence defendant to twenty to thirty years. For that reason alone, the sentence was not invalid.

Further, Judge Roberson's opinion concerning the sentencing issue is contradictory. First, Judge Roberson concluded that the Supreme Court's decision in *People v Schultz,* 435 Mich 517; 460 NW2d 505 (1990), did not apply to this case because this case was not pending in the trial court or on direct appeal raising a sentencing issue on or after the date of the amendments of the Public Health Code. If that is correct, then Judge Roberson should have imposed a sentence of twenty to thirty years, because the statute did not permit sentencing judges to depart from the mandatory minimum sentence at the time of defendant's sentencing in January 1987. Thus, by his own analysis, Judge Roberson was without authority to depart below the twenty-year mandatory minimum sentence in this case.

I disagree, however, with the majority that the decision in *Schultz* applies to this case. Here,

defendant's case was not pending in the trial court and the sentencing issue had not been raised when 1987 PA 275 was enacted. Defendant had been convicted and sentenced by January 28, 1987. By the time this case came before Judge Roberson, he had only to decide defendant's motion for a new trial and for resentencing. As correctly noted by Judge Roberson in his opinion, defendant's case was not pending in the trial court or on direct appeal raising an issue regarding resentencing on or after March 30, 1988.

*People v Scarborough,* 189 Mich App 341; 471 NW2d 567 (1991), cited by the majority, does not support the conclusion that defendant is entitled to the benefit of the opinion in *Schultz.* In *Scarborough,* 1989 PA 143 had gone into effect before the defendant had pleaded guilty and been sentenced, even though he committed the crime before the amendment became effective. Thus, it is quite clear that the defendant's case was still pending in the lower court when 1989 PA 143 went into effect.

Thus, I would remand for imposition of the twenty- to thirty-year sentence. The original sentence being valid, Judge Roberson had no authority to resentence defendant to "time served." MCR 6.429(A); *In re Jenkins,* 438 Mich 364, 368; 475 NW2d 279 (1991). I also agree that defendant's sentence of "time served" is disproportionately low and grossly inadequate. However, this sentence is more than just an abuse of discretion. The analysis employed by the sentencing judge in the opinion and order is clearly a manipulative attempt to bypass the Legislature's mandatory minimum sentences for controlled substances violations. Whether one agrees with the length of the mandatory minimum terms or not, manipulating the law

in an attempt to ignore the dictates of the Legislature constitutes an abuse of power.

Finally, defendant cannot receive the benefit of *Schultz* because he failed to pursue in a timely manner his appeal after his conviction. Defense counsel stated on the record that he would file a claim of appeal after the trial court decided the motion for a new trial. Not only did defendant fail to pursue in a timely manner his appeal, he also failed to pursue in a timely manner the motion for a new trial, thus allowing this case to fall through the cracks exactly as Judge Brennan predicted. Defendant failed to pursue his motion for a new trial and in the meantime avoided imprisonment. He has flagrantly abused the judicial system once. It would be unjust to allow defendant the benefit of the decision in *Schultz* where he is responsible for the delays in the case and where he failed to pursue his motion for a new trial, thus wrongly avoiding imprisonment.

The sentencing game that has been played in this case is a travesty of justice. Further, because the charge against the codefendant David Paul Spikes was dismissed by the trial court, Judge Roberson's ruling would allow a crime involving over one pound of cocaine to go punished with only six months' imprisonment. This case should be remanded to the trial court to reinstate the original valid sentence of twenty to thirty years' imprisonment. Any other result would reward a defendant who not only has committed a serious crime, but also has abused the court system.