PEOPLE v DOXEY

Docket No. 247767. Submitted July 8, 2004, at Grand Rapids. Decided
    July 20, 2004, at 9:05 A.M. Leave to appeal sought.

Jeffrey Doxey was sentenced after he pleaded no contest to two
    charges of cocaine delivery in the Muskegon Circuit Court, pursu-
    ant to a plea agreement under *People v Cobbs*, 443 Mich 276
    (1993). Effective between the date of the offenses and the date of
    the sentencing, the Legislature amended MCL 333.7401(3) to
    eliminate mandatory consecutive sentencing for the offenses and
    to allow a sentencing court the discretion to determine whether
    the sentences should be consecutive or concurrent. The court,
    William C. Marietti, J., determined that, as a matter of law, the
    amended sentencing provision applied, in essence allowing the
    retroactive application of the amended statute, and sentenced
    Doxey to concurrent sentences in accord with the *Cobbs* agree-
    ment. The prosecution appealed, arguing that, as a matter of law,
    the sentencing provision of MCL 333.7401(3) in effect at the time
    of the offenses applied, so the sentences should have been consecu-
    tive.

The Court of Appeals *held*:

The trial court erroneously applied the amended sentencing
    provisions because the Legislature has stated in MCL 769.34(2)
    that courts must sentence defendants in accord with the minimum
    sentences prescribed by the version of the sentencing guidelines in
    effect on the date the crime was committed. Because amendments
    of statues generally are presumed to operate prospectively unless
    the Legislature has clearly manifested a contrary intent, the
    legislative intent to have the defendant sentenced under the law in
    effect on the date of his offense, that is, with consecutive sentences
    for the cocaine offenses, is not clearly obviated by the amended
    statute.

Reversed and remanded for resentencing.

SENTENCES — STATUTORY AMENDMENTS — EFFECTIVE DATE — PROSPECTIVE
    APPLICATION.

Statutory amendments modifying sentencing provisions are applied
    prospectively unless the Legislature clearly manifests a contrary

intent, without which the Legislature intends that the defendant be sentenced under the law in effect on the date of the offense (MCL 769.34[2]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Charles F. Justian*, Chief Appellate Attorney, for the people.

State Appellate Defender (by *Anne M. Yantus*) for the defendant.

Before: FORT HOOD, P.J., and DONOFRIO and BORRELLO, JJ.

DONOFRIO, J. The prosecutor appeals by leave of this Court from the judgment of sentence entered following defendant's no-contest plea to possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); and resisting and obstructing a police officer, MCL 750.479(b). Defendant was sentenced as an habitual offender, second offense, MCL 769.10, to 17 to 360 months of incarceration for each of the drug offenses, and 17 to 36 months on the resisting and obstructing offense, to be served concurrently, as well as concurrently with another sentence defendant is serving in prison, the trial court applying the amended sentencing provision of MCL 333.7401(3) retroactively. We reverse and remand for resentencing.

The prosecutor alleged defendant's offenses occurred on October 2, 2002. On January 15, 2003, defendant pleaded no contest to the charges and the court accepted defendant's plea. Defendant was sentenced on March 11, 2003.

The prosecutor's sole issue on appeal is that the trial court erred when it sentenced defendant pursuant to

amended sentencing provisions in effect at the time of the sentencing, but not in effect at the time of the crime or the court's acceptance of the plea. We agree.

On March 1, 2003, 2002 PA 665 became effective and amended the sentencing provision of MCL 333.7401. The old language of MCL 333.7401(3) stated in relevant part:

> [A] term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) *shall* be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. [Emphasis added.]

The amended language of MCL 333.7401(3) states:

> [A] term of imprisonment imposed under subsection (2)(a) *may* be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. [Emphasis added.]

Thus, the previous version, in effect at the time of the crime and the plea acceptance, mandated that sentences under the statute be imposed consecutively to sentences for other felonies. However, the amended version granted courts discretion. MCL 333.7401(3), as amended by 2002 PA 665.

At defendant's sentencing, the trial court was asked to decide whether the sentencing provisions of MCL 333.7401 should apply as they were in effect at the time defendant committed the crime or as amended by 2002 PA 665 and in effect on the day of sentencing. As illustrated above, for the purpose of defendant's sentencing, the significant difference was that under the new statute, the trial court had discretion to impose defendant's sentences consecutively or concurrently. This issue was important because a *Cobbs*[1] agreement

---

[1] *People v Cobbs,* 443 Mich 276; 505 NW2d 208 (1993).

was in place stating that sentences would be imposed concurrently if the trial court ruled that, as a matter of law, the amended sentencing provisions applied. After entertaining oral arguments on the issue, the court ultimately decided that the amended version applied and in effect gave the statute retroactive effect.

"The determination whether a statute should be applied retroactively is a legal issue that is reviewed de novo." *People v Thomas*, 260 Mich App 450, 458; 678 NW2d 631 (2004). In deciding which version of the statute was to be applied, the trial court reviewed the cases of *People v Schultz*, 435 Mich 517; 460 NW2d 505 (1990), and *People v Scarborough*, 189 Mich App 341; 471 NW2d 567 (1991), and reluctantly held that they control and require the amended sentencing provisions be applied retroactively to cases pending at the time the amendment went into effect.

In *Schultz, supra,* our Supreme Court addressed a similar issue in the context of two consolidated cases where the defendants were charged and convicted for offenses likewise under MCL 333.7401. In both cases, ameliorative amendments to the sentencing provisions of the act went into effect after the offense and conviction. In one case the amendment went into effect while on direct appeal to this Court but before a decision was issued, and, in the other, it went into effect after conviction but before sentencing. Our Supreme Court inquired into the legislative intent of the statute and reasoned that under the state Constitution the Legislature is vested with exclusive authority to determine the terms of punishment imposed for violations of criminal law and, therefore, has the authority to provide that an ameliorative amendatory act applies retroactively or only prospectively. *Id.* at 525-526. The Court concluded

that the Legislature intended that the amendments would apply retroactively and stated:

> In the context of the two cases presented before this Court, however, we disagree that the Legislature intended to exercise this power and so narrowly constrict the prospective operation of the amended Public Health Code. In light of the Legislature's decision that the current terms of punishment authorized in the Public Health Code constitute an appropriate social response to narcotics crimes and abuse, we would hold that the Legislature intended cases pending in the trial court and those on direct appeal, where the issue is raised and preserved, on the date the ameliorative amendments took effect, to be included within the ambit of the amended Public Health Code. To conclude otherwise would be inconsistent with the underlying purpose of the general saving statute and the sentencing policies of this state. [*Id.* at 526 (opinion by ARCHER, J.).]

The Court then examined public policy and determined that the purpose of the particular amendments was to allow trial courts greater discretion to determine sentences for narcotics trafficking and abuse. Pointing out that defendant Schultz, who, before this offense, had no criminal background and was a twenty-five-year-old middle school teacher, was a perfect example of why the Legislature enacted the amendments, the Court concluded that it would be a consistent conclusion that the Legislature intended that the ameliorative sentencing provisions apply, even though the offense and conviction may have occurred before those provisions took effect. *Id.* at 531-533.

Approximately one year after the Court's decision in *Schultz,* a panel of this Court addressed another similar issue. In *Scarborough, supra,* the defendant was charged with and pleaded guilty of possession with intent to deliver 50 grams or more, but less than 225 grams, of cocaine, MCL 333.7401(2)(a)(iii). Though

sentencing occurred in 1990, the trial court applied the sentencing provision in place in 1987 when defendant committed the crime. *Id.* at 343. Between the commission of the crime and the time of sentencing, the Legislature had amended the penalty provisions twice. The Legislature first reduced the minimum sentence from 10 years' to 5 years' imprisonment and allowed the sentencing judge the discretion to depart for substantial and compelling reasons.[2] And the second time, the Legislature restored the minimum sentence of ten years, but left the provision allowing departure.[3] *Id.* at 343. Notwithstanding the fact that *Schultz* did not garner a majority and did not represent binding precedent,[4] the panel was persuaded that the holding of *Schultz* was correct and ordered that the defendant be resentenced in accordance with the penalty provisions in effect at the time of his sentencing. *Id.* at 345.

Like the panel in *Scarborough,* we note that *Schultz* is merely a plurality opinion and is not precedentially binding on this Court. However, *Scarborough,* adopting the holding and reasoning of *Schultz,* having been decided after November 1, 1990, is binding on this panel under MCR 7.215(J)(1). In any event, we find both cases readily distinguishable from this case.

Just considering the language of the statute itself, unlike *Schultz* and *Scarborough,* this is not simply a case of applying the ameliorative effects of a new, identical statute. The amending act here, 2002 PA 665, not only amelioratively amended the sentencing provision of the statute, but also changed the breakdown of the prohibited conduct contained in the statute, including the addition of a new crime of delivery of over 100

---

[2] 1987 PA 275, effective March 30, 1988.

[3] 1989 PA 143, effective September 28, 1989.

[4] See *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973).

grams, 2002 PA 665(2)(a)(i), a new crime of delivery of 450 to 1,000 grams, 2002 PA 665(2)(a)(ii), a new crime of delivery of 50 to 450 grams 2002 PA 665(2)(a)(iii), and a new crime of delivery of less than 50 grams, 2002 PA 665(2)(a)(iv). Plainly, unlike in *Schultz* and *Scarborough,* the amended statutes here do not proscribe the same conduct as did the former drug law.

Regarding the legislative intent behind the statute, we start with the proposition that "[a]mendments of statutes are generally presumed to operate prospectively unless the Legislature clearly manifests a contrary intent." *Thomas,* 260 Mich App 458-459, quoting *Tobin v Providence Hosp*, 244 Mich App 626, 661; 624 NW2d 548 (2001), citing *Selk v Detroit Plastic Products*, 419 Mich 1, 9; 345 NW2d 184 (1984). We observe no language in the amended statute indicating that it is to be applied retroactively. In fact, the opposite is true when we consider the interrelationship between 2002 PA 665 with both 2002 PA 666 and 2002 PA 670. Because 2002 PA 665 expressly states that it would not take effect unless both 2002 PA 666 and 2002 PA 670 were enacted into law, as well as the fact that they relate to the same subject matter, we read the three pieces of legislation *in pari materia.*[5] See *People v Webb*, 458 Mich 265, 274-275; 580 NW2d 884 (1998); *People v Dobben*, 440 Mich 679, 692; 488 NW2d 726 (1992).

---

[5] "Statutes *in pari materia* are those which relate to the same person or thing, or the same class of persons or things, or which have a common purpose. It is the rule that in construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although enacted at different times, and containing no reference one to the other." *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998) (emphasis added), quoting *Detroit v Michigan Bell Tel Co*, 374 Mich 543, 558; 132 NW2d 660 (1965).

Our plain reading of 2002 PA 665, together with the companion sentencing legislation represented by 2002 PA 666 and 2002 PA 670, indicates that 2002 PA 665 should not be applied retroactively. In 2002 PA 666, the statutory language addresses the applicability of the sentencing guidelines and directs that mandatory minimum sentences in effect on the date the offense occurred determines the sentence imposed. Also, the language included in 2002 PA 670 established early parole opportunities for individuals convicted of drug offenses before the date the amended drug laws became effective. Hence, a fair and practical interpretation of the companion legislation, namely 2002 PA 665, 2002 PA 666, and 2002 PA 670, requires us to interpret that 2002 PA 665 be applied prospectively only and only to offenses committed on or after the effective date of the legislation, March 1, 2003.

We also note prophylactically, that this interpretation is the only interpretation that avoids potential ex post facto claims in violation of the Ex Post Facto Clause of the Michigan Constitution and of the United States Constitution. Const 1963, art 1, § 10, US Const, art I, § 10, cl 1. Any other interpretation leaves that possibility open because the new versions of MCL 333.7401(2)(a)(i)-(iv) allow for fines to be levied on those sentenced under the amended statute. We can easily envision a fact scenario posing a potential ex post facto violation claim, where, as here, defendant was convicted under the previous version of the law but sentenced under the amended statute. In that scenario, retroactive application of the statute would empower the trial court to levy a fine on the defendant as part of his sentence although the taxing of large monetary fines was not a potential sentence at the time defendant committed the crime or when he was convicted of the

crime. In order to avoid any potential ex post facto claim, the statute should not be applied retroactively.

Finally, recent case law supports the proposition that the statute should not be applied retroactively. In a published opinion of this Court discussing the exact amendment at issue, 2002 PA 665, although specifically pertaining to the revised MCL 333.7401(2)(a)(iii), the Court found that, "the Legislature declined to specifically apply the amended sentencing provisions of MCL 333.7401(2)(a)(iii) retroactively . . . ." *Thomas*, 260 Mich App 459. While the defendant would distinguish his case from *Thomas*, because sentencing in *Thomas* occurred before the effective date of the amended drug law on March 1, 2003, we are not persuaded in light of our earlier analysis. Further, the Michigan Supreme Court in its order in *People v Dailey*, 469 Mich 1012 (2004), vacating footnote 1 of the unpublished opinion of the Court of Appeals issued August 26, 2003 (Docket No. 239683), which instructed the trial court on resentencing to use the ameliorative provisions of the amended drug law, stated, "The statute [MCL 769.34(2)] provides that courts shall sentence defendants in accord with the minimum sentences prescribed by the 'version of those sentencing guidelines in effect on the date the crime was committed.' This demonstrates a legislative intent to have defendant sentenced under the law in effect on the date of his offense, which predated the amendment of MCL 333.7401."

For all these reasons, we conclude that the statute operates prospectively only and that the trial court erroneously applied the amended sentencing provisions. We remand for resentencing in accordance with the previous incarnation of MCL 333.7401.

Reversed and remanded. We do not retain jurisdiction.