# Order

Michigan Supreme Court
Lansing, Michigan

September 11, 2009

137921-2

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

DOUGLAS LANCE WEISSERT,
          Defendant-Appellant.

SC: 137921-2
COA: 276150; 282322
Muskegon CC: 06-053181-FC

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

_____/

On order of the Court, the application for leave to appeal the November 20, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

I concur in the Court's order denying defendant's application for leave to appeal. I write separately only to note that, contrary to Justice Corrigan's assertion, it was not erroneous in this case for the Court of Appeals to disregard our recent decision in *People v Ream*.[1]  At the time of defendant's sentencing, *People v Wilder*[2] was the controlling law.  The law in effect at the time a defendant committed his or her crimes is the law to be applied with respect to sentencing for those crimes.[3]  Therefore, the Court of Appeals was bound to affirm defendant's sentence because it was legal when imposed.  Although *Ream* later overruled *Wilder, Ream* was decided long after defendant was sentenced. Thus, the Court of Appeals *should not have* relied on *Ream*.

---

[1] *People v Ream*, 481 Mich 223 (2008).

[2] *People v Wilder*, 411 Mich 328 (1981).

[3] *People v Doxey*, 263 Mich App 115, 116-117 (2004).

With respect to Justice Corrigan's mention of *People v Smith*,[4] it is wholly irrelevant that, before the trial court resentenced defendant, our Court "questioned" *Wilder* in *Smith*. Our trial courts are not blessed with the gift of prescience. Until this Court explicitly overrules a decision, that decision binds trial courts. Thus, the trial court in this case was bound by *Wilder* when it sentenced defendant, and the Court of Appeals correctly remanded this case for correction of the judgment of sentence to reflect that the predicate offenses have been vacated.

HATHAWAY, J., joins the statement of KELLY, C.J.

CORRIGAN, J. (*concurring*).

I write separately only to observe that the Court of Appeals disregarded our recent decision in *People v Ream*, 481 Mich 223 (2008), when it directed the trial court to vacate the predicate felony convictions underlying defendant's felony-murder conviction. Nonetheless, because the prosecutor has not filed a cross-appeal raising this issue, I concur in the denial of leave to appeal.

Chief Justice Kelly opines that the Court of Appeals properly ignored our recent holding in *Ream* because it was decided after defendant was sentenced. But *Ream* was decided *before* the Court of Appeals issued its opinion. If the Court of Appeals shared Chief Justice Kelly's view that *Ream* does not govern, then it should have at the very least acknowledged the existence of a recent decision directly addressing the very issue before the Court and explained why and how it concluded that this precedent did not apply.[5]

MARKMAN, J., joins the statement of CORRIGAN, J.

---

[4] *People v Smith*, 478 Mich 292 (2007).

[5] Moreover, it is noteworthy that the sentences for the predicate felony convictions were imposed *after* this Court's decision in *People v Smith*, 478 Mich 292, 318 n 16 (2007), which explicitly questioned the analysis in *People v Wilder*, 411 Mich 328 (1981), presaging our holding in *Ream*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 11, 2009

Clerk

p0908