# STATE OF MICHIGAN

# COURT OF APPEALS

---

WILLIAM SIM SPENCER,

      Plaintiff-Appellant,

v

DIRECTOR OF THE DEPARTMENT OF STATE
POLICE,

      Defendant-Appellee.

UNPUBLISHED
October 9, 2018

No. 341769
Court of Claims
LC No. 16-000274-MZ

---

TIMOTHY WAYNE MCCLELLAND,

      Plaintiff-Appellant,

v

DIRECTOR OF THE DEPARTMENT OF STATE
POLICE,

      Defendant-Appellee.

No. 341777
Court of Claims
LC No. 16-000311-MZ

---

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

In these consolidated appeals involving Michigan's Sex Offender Registration Act (SORA), MCL 28.721 *et seq.*, plaintiffs William Spencer and Timothy McClelland appeal by right the Court of Claims' Opinion and Order granting in part and denying in part the motion for summary disposition of defendant, the Director of the Department of State Police, and enjoining retroactive enforcement of requirements in the 2006 and 2011 SORA amendments as to plaintiffs. We affirm.

## I. BACKGROUND

Plaintiffs are convicted sex offenders whose offenses occurred in 1994 and 2011, respectively. At the time of plaintiffs' offenses, the SORA required the creation of a convicted sex offender registry, which included, *inter alia*, the names, addresses, and pictures of certain

-1-

convicted sexual offenders. See 1994 PA 295. Based on their convictions, plaintiffs are required to register as offenders under the Act.

In 2006, the Legislature amended the SORA to add the additional requirement that a registered sex offender is prohibited from living, working, or loitering within 1,000 feet of school property. See MCL 28.733 through MCL 28.736, 2005 PA 121. The Legislature amended the SORA again in 2011. 2011 PA 17. The 2011 amendment classified registrants in tiers based on their crimes and established mandatory in-person reporting requirements applicable, for example, when a registrant changes residences or employment, enrolls as a student, changes their name, wishes to travel for more than seven days, or buys or begins to use a new vehicle. MCL 28.722(r) through (v) and MCL 28.725, 2011 PA 17.

As with previous amendments of the SORA, the 2006 and 2011 amendments resulted in multiple legal challenges. Pertinent here is *Does #1-5 v Snyder*, 834 F3d 696 (CA 6, 2016), where five registered sex offenders claimed, in part, that retroactive application violated the Ex Post Facto Clause of the United States Constitution. *Id*. at 698. After analysis of the SORA's punitive effects, likening it to the ancient punishment of banishment, traditional shaming, the punishment of parole/probation, and noting the lack of any evidence supporting a rational connection to its non-punitive purpose (reducing recidivism), the Sixth Circuit determined that the SORA, as amended, imposes punishment. *Id*. at 701-705. The Sixth Circuit therefore held that retroactive application of the 2006 and 2011 SORA amendments is unconstitutional under the Ex Post Facto Clause. *Id*. at 706.

After *Does #1-5*, plaintiffs, *in propriis personis*, each filed a complaint in separate cases seeking injunctive and declaratory relief and alleging that the SORA, as amended, violates the Ex Post Facto Clause when applied to them and runs afoul of their substantive due process and equal protection rights. The Court of Claims consolidated plaintiffs' claims. Thereafter, defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(8) on the grounds that plaintiffs' complaints were not ripe, or otherwise lacked a cognizable case or controversy and were moot, given that plaintiffs had not been threatened with enforcement of an unconstitutional portion of the SORA, as amended.

The Court of Claims granted the motion in part as to plaintiff Spencer under MCL 2.116(C)(8) (claim is moot) and denied it in part as to plaintiff McClelland under MCR 2.116(I)(2) (judgment proper for opposing party). As to plaintiff Spencer, the court found that he was entitled to no further relief because the Court of Appeals in *Spencer v Benzie Co Prosecuting Attorney*, unpublished opinion per curiam of the Court of Appeals, issued November 14, 2017 (Docket No. 337827), had already issued a decision granting him the relief requested, i.e., remanding for entry of an order enjoining prosecution for charges based on a violation of the 2006 and 2011 SORA amendments. With regard to plaintiff McClelland, the court found that plaintiff McClelland was entitled to entry of an order enjoining enforcement of the 2006 and 2011 SORA amendment requirements consistent with *Does #1-5*.[1] The Court of Claims entered

---

[1] The court did not address plaintiffs' remaining constitutional claims sounding in substantive due process or equal protection.

an order consistent with its opinion. Despite essentially prevailing in their requests for relief, plaintiffs filed the instant appeals.

## II. STANDARD OF REVIEW

We review de novo a lower court's decision on a motion for summary disposition. *Washburn v Michailoff*, 240 Mich App 669, 672; 613 NW2d 405 (2000). Summary disposition under MCR 2.116(I)(2) is proper "if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Id*. Summary disposition is proper on the basis of mootness if an event occurs that makes it impossible to grant further relief. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

## III. ANALYSIS

On appeal, plaintiffs take no issue with the ultimate relief they were granted: an injunction enjoining retroactive application of the 2006 and 2011 SORA amendments consistent with *Does #1-5*. Instead, plaintiffs seek to obtain further relief, effectively asking this Court to declare the SORA facially unconstitutional—allegedly because it is vague and creates an irrebuttable presumption as to an element of proof—and to reverse their underlying convictions. Although plaintiffs pleaded these claims or raised them in response to defendant's summary disposition motion, the Court of Claims did not consider them because it resolved this case on the basis that retroactive application of the SORA amendments to plaintiffs violates the Ex Post Facto Clause. In our view, the Court of Claims did not err in failing to address these additional arguments. Because the ex post facto analysis resolved the case, any decision on the remaining constitutional questions would be unwarranted dicta and amount to nothing more than a prohibited advisory opinion. See *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 270-271; 833 NW2d 331 (2013).

Even assuming without deciding that the court committed error for failing to consider these claims, plaintiffs cannot establish that the alleged error violated their constitutional rights. This is because the substantive provisions of the 2006 and 2011 amendments do not apply to plaintiffs; therefore, those amendments' alleged unconstitutional effects do not touch on plaintiffs' substantial rights. In other words, even if the court had considered the claims, it would not have changed the outcome of the case because the amendments do not apply to plaintiffs' status on the sex offender registry. In sum, the Court of Claims did not err by declining to address these issues and, further, our consideration of these issues on appeal would run afoul of the same principles.

Finally, and solely for plaintiffs' benefits, we clarify the effect of the 2006 and 2011 amendments on registrants whose offenses occurred before those amendments' effective dates. *Does #1-5* determined that the SORA, as amended, does not apply retroactively, given that such application would result in a constitutional ex post facto violation. *Does #1-5*, 834 F3d at 706. Generally, if a statute applies prospectively only, the prior version of that statute applies to acts that occurred before the new statute's effective date. See generally *People v Doxey*, 263 Mich App 115, 123; 687 NW2d 360 (2004) (implicitly recognizing that the prior version of a sentencing statute applied to crimes that occurred before amendment to that sentencing statute).

Consequently, the prior version of the SORA in effect at the time of plaintiffs' convictions applies to plaintiffs.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica