*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT WESLEY LEWIS,

        Defendant-Appellant.

UNPUBLISHED
November 17, 2022

No. 355830;355834
Montcalm Circuit Court
LC No. 19-26041-FC;20-26213-FC

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Defendant committed several acts of criminal-sexual conduct against his minor stepdaughter and her 17-year-old friend. During the last day of the trial, when the jury was set to go to deliberation, there were at least two parked cars in the courthouse parking lot that displayed messages including "I believe you" next to the victims' names. The jury found defendant guilty of several counts of criminal-sexual conduct in the first, second, third, and fourth-degree. Defendant then moved for a new trial and evidentiary hearing, arguing that the jury was introduced to improper, extraneous messages in support of the victims. The trial court denied defendant's motion and sentenced him to consecutive sentences. We affirm.

## I. BACKGROUND

Defendant's stepdaughter testified that defendant began to abuse her sexually when she was nine or 10 years old, and this abuse escalated a few years later to the point that defendant would abuse her "almost every day," several times a week. Defendant found out that the stepdaughter disclosed the abuse to her friend, and he told the stepdaughter that he would not be upset with her if she was able to have her friend sleep over so that he could have sex with both of them. Both victims testified about repeated sexual abuse by defendant.

During cross-examination of one of the victims, the trial court sustained the prosecutor's objection regarding defendant's questions about the victim's alleged shoplifting because it was too prejudicial. Similarly, the trial court sustained the prosecutor's objection regarding defendant's questions about alleged domestic assault against the victim's boyfriend because it was not relevant.

Defendant was convicted of eight counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b); three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b); two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b); and two counts fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a).

Defendant subsequently moved for a new trial because, he argued, the jury was introduced to improper, extraneous evidence in the form of messages on two parked cars in the courthouse parking lot. Specifically, the cars portrayed messages of support for the victims, stating "#sexualabuse," "abuse awareness," and that the drivers of the cars believed the victims. At the time of the hearing, neither party provided affidavits or other evidence to substantiate their arguments. The only evidence submitted to the trial court were photos of the two cars.

The trial court denied defendant's motion for a new trial because it found that there was no reference to defendant in the messages, and the messages would not have induced a jury member to think that the messages were for the trial specifically. Further, given the trial court's personal knowledge of the jury's schedule, it found that it was "extremely speculative" that members of the jury even came into contact with the messages. The trial court stated that, based on what had been proffered, it was unable to make a finding that the messages would have affected the outcome of the verdict, especially when it weighed, what it considered to be, the "incredibly believable witness" testimony in the case.

The trial court sentenced defendant to 225 months' to 50 years' imprisonment for his first count of CSC-I, and it imposed this sentence to run consecutively with his second count of CSC-I for which he was also sentenced to 225 months' to 50 years' imprisonment. Additionally, defendant was sentenced to 18 years' to 50 years' imprisonment for his fourth count of CSC-I, and the trial court imposed this sentence to run consecutively with his sixth count of CSC-I for which he was also sentenced to 18 years' to 50 years' imprisonment. The trial court imposed defendant's other sentences to run concurrently with his consecutive sentences.

When imposing the consecutive sentences, the trial court stated that defendant abused his position of authority over one of the victims to make her a "sex slave," defendant's actions caused two victims to contemplate or otherwise commit self-harm, and defendant threatened the lives of the victims to keep the abuse secret. Further, the trial court noted that the record clearly established that defendant committed at least two acts of criminal-sexual conduct against both victims during the same "transaction" when he sexually assaulted them at the same time. The trial court noted that these factors were enough to impose consecutive sentences and ensure that defendant was never given the opportunity to abuse other victims.

Defendant now appeals.

## II. ANALYSIS

### A. DEFENDANT'S MOTION FOR A NEW TRIAL

First, defendant argues that the trial court abused its discretion for not granting him a new trial, or at least an evidentiary hearing, based on the messages displayed on the parked cars.

"We review a trial court's ruling on a motion for a new trial for an abuse of discretion." *People v Johnson*, 245 Mich App 243, 250; 631 NW2d 1 (2001). Similarly, "[a] trial court's decision to hold an evidentiary hearing is generally reviewed for an abuse of discretion." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017).

A new trial is necessary when a defendant can establish that (1) "the jury was exposed to extraneous influences," and (2) "that these extraneous influences created a real and substantial possibility that they could have affected the jury's verdict." *People v Budzyn*, 456 Mich 77, 88-89; 566 NW2d 229 (1997). "Generally, in proving this second point, the defendant will demonstrate that the extraneous influence is substantially related to a material aspect of the case and that there is a direct connection between the extrinsic material and the adverse verdict." *Id*. at 89.

Regarding the first *Budzyn* factor, there is no evidence in the record to establish whether the jury was introduced to extraneous evidence. Even though defendant argued that there were witnesses who saw the cars before the jury arrived, and the prosecutor argued that the jury was required to be in the courthouse before the cars even arrived in the parking lot, there was no evidence admitted or proffered by which the trial court could make a determination.

Regarding the second *Budzyn* factor, even assuming for the sake of argument that the jury was exposed to the messages, there is nothing to support that the messages created a real and substantial effect on the jury's verdict. The messages merely stated that the owner of the vehicle believed the victims, and the messages did not contain information that was case-specific over which the jury was to deliberate. And, even assuming that a juror would make the connection to the case, the messages were not sensationalist or likely to excite the passions or overwhelm a juror's rational judgment. The messages did not, in short, create a real and substantial possibility of affecting the jury's verdict.

For the first time on appeal, defendant attached new affidavits to his brief on appeal to further explain when witnesses saw the messages on the cars. Importantly, these affidavits were not submitted to the trial court during the hearing, and most were signed after defendant had filed this appeal. Parties "may not now expand the record on appeal," *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013), and they specifically "cannot enlarge the record on appeal by the use of affidavits," *People v Williams*, 241 Mich App 519, 524 n1; 616 NW2d 710 (2000). Even though this Court does not consider new evidence on appeal unless justice requires it, MCR 7.216(A)(4), the submitted affidavits are not dispositive of the *Budzyn* factors, and are not particularly helpful to the resolution of this issue, because the affidavits still do not definitively show that the jury was confronted with the messages on the cars. They only state that they jury may have been able to see them if they arrived in the parking lot at a certain time.

As stated, the trial court was left to make determinations based on its own knowledge of the workings, structure, and details of the courthouse and schedule of the jury because no evidence, besides the photos of the messages on the cars, was submitted at the hearing. We emphasize that we are reviewing the trial court's decision for an abuse of discretion. While a trial court might reasonably have held an evidentiary hearing based on this record, a trial court could also have declined to hold a hearing based on this same record, and either would have been a principled outcome.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his trial counsel was ineffective for not addressing the cars' messages to the trial court during the last day of the trial.

Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defendant if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667. Defense counsel "cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

The trial court found that the messages did not influence the jury, and there is no evidence to substantiate that defendant was prejudiced by the messages. Further, defendant fails to articulate how the outcome would have been different if his trial counsel had raised the issue to the trial court earlier given that the trial court ultimately found that the jury's decision was not impacted. Moreover, the jury was presented with the testimonies of both victims, at length, with corroborating witnesses providing supporting testimonies. When "there is relatively little evidence to support a guilty verdict to begin with (e.g., the uncorroborated testimony of a single witness), the magnitude of errors necessary for a finding of prejudice will be less than [when] there is greater evidence of guilt." *People v Trakhtenberg*, 493 Mich 38, 56; 826 NW2d 136 (2012) (cleaned up). Given the significant evidence of guilt, as well as the trial court ultimately finding that the jury's verdict was not impacted, we are not left with a definite and firm conviction that it is reasonably probable that, but for counsel's alleged error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667

## C. EVIDENTIARY ISSUES

Defendant also argues that the trial court erred when sustaining the prosecutor's objections regarding defendant's cross-examination about the victims' alleged shoplifting, and about one of the victim's alleged domestic assault with her boyfriend, because those questions went to the victims' untruthful characters and propensity to lie. "Preserved evidentiary rulings are reviewed for an abuse of discretion." *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008).

Defendant's cross-examination questions attempted to introduce evidence of other crimes, wrongs, or acts by the victims to impeach them, and to further support his defense that they had fabricated the allegations of sexual abuse. MRE 401(b)(1) governs the admissibility of other-acts evidence, and it is applicable to witnesses. *People v Catanzarite*, 211 Mich App 573, 579; 536 NW2d 570 (1995). Other-acts evidence is admissible if "the evidence is (1) offered for a proper purpose and not to prove the [witness's] character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, and (3) sufficiently probative to outweigh the danger of unfair prejudice." *People v Williams*, 240 Mich App 316, 322-323; 614 NW2d 647 (2000). "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Ortiz*, 249 Mich App 297, 306; 642 NW2d 417 (2001) (cleaned up).

The trial court did not abuse it discretion when it sustained the prosecutor's objection regarding defendant's question concerning the alleged shoplifting. Whether one of the victim's had shoplifted was a prejudicial fact that did not pertain to the allegations that defendant had sexually assaulted her for multiple years. Demonstrating that one of the victims had stolen items from a store, with the other victim, would have had marginally probative value regarding their truthfulness, but that value is outweighed by the danger that this fact would be given undue weight by the jury. It is not outside the range of principled outcomes that the trial court found that the purported shoplifting history would unfairly prejudice the victim's character regarding a matter that was not directly related to defendant's charges, and, thus, the trial court did not abuse its discretion by sustaining the prosecutor's objection.

Additionally, MRE 401 states that " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence is admissible pursuant to MRE 401 if it is material and probative. *People v Mills*, 450 Mich 61, 67; 537 NW2d 909 (1995).

The trial court similarly did not abuse its discretion when it sustained the prosecutor's objection regarding defendant's cross-examination question concerning one victim's alleged domestic violence against her boyfriend. Whether the victim had been in a physical altercation with her boyfriend did not have any tendency to make the allegations of defendant's criminal sexual conduct more or less probable.

Defendant argues that the victim had lied to a foster-care worker, stating that the boyfriend had physically assaulted her even though defendant claimed that the victim had physically assaulted the boyfriend, and, thus, her allegations against defendant were less probable given that she had lied about other allegations. A victim's alleged dishonest statement regarding a separate, unrelated, matter with a separate individual, however, is not relevant to the multiple, repeated, and consistent allegations against defendant. Thus, it is not outside the range of principled outcomes for the trial court to conclude that the question was not relevant because it concerned a completely different allegation, with a different person, in a different situation.

## D. CONSECUTIVE SENTENCING

Lastly, defendant argues that the trial court abused its discretion in imposing consecutive sentences because it did not articulate its reasons on the record.

"[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016). "Accordingly, trial courts imposing one of more discretionary consecutive sentences are required to articulate on the record the reasons for each consecutive sentence imposed." *Id*.

MCL 750.520b(3) states that the trial court "may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." This statute covers the charges for which defendant was convicted.

The statutory language permitted the trial court to sentence defendant consecutively for those acts that occurred during the same transaction, and the trial court found that there were two instances of sexual assault that included both victims. Both victims also testified about the sexual assaults that occurred at the same time. The trial court provided its particularized reasoning for the consecutive sentences when it stated that it wanted to ensure that defendant was never given the opportunity to abuse other victims when considering defendant's actions. Therefore, it was not outside the range of principled outcomes for the trial court to sentence defendant to consecutive sentences.

## III. CONCLUSION

Defendant's arguments are without merit. The trial court did not abuse its discretion in denying his motion for a new trial or evidentiary hearing, sustaining the prosecutor's objections, or imposing consecutive sentences. Additionally, his trial counsel was not ineffective for not raising a futile objection.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-6-