*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAURICE LAMONT VINSON-JACKSON,

        Defendant-Appellant.

UNPUBLISHED
February 8, 2024

No. 358690
Wayne Circuit Court
LC No. 17-010934-01-FC

ON REMAND

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

This matter returns to us on remand from the Michigan Supreme Court. *People v Vinson-Jackson*, ___ Mich ___, ___; 997 NW2d 180 (2023) (*Vinson-Jackson III*). Defendant was convicted of second-degree murder, MCL 750.317; carrying a concealed weapon (CCW), MCL 750.227; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, for the fatal shooting of Demarko Randle in November 2017. *People v Vinson-Jackson*, unpublished per curiam opinion of the Court of Appeals, issued July 21, 2022 (Docket No. 358690), p 1, vacated in part and lv denied in part by 997 NW2d 180 (2023) (*Vinson-Jackson II*).

Defendant was initially sentenced to 35 to 70 years' imprisonment, he appealed, and this Court affirmed defendant's convictions but remanded for resentencing. *People v Vinson-Jackson*, unpublished per curiam opinion of the Court of Appeals, issued March 12, 2020 (Docket No. 344742), p 1 (*Vinson-Jackson I*). On remand, the trial court fixed the score for offense variable (OV) 6, resulting in revised sentencing guidelines of 225 to 375 months' imprisonment (18.75 to 31.25 years), and sentenced defendant to 30 to 60 years' imprisonment. *Vinson-Jackson II*, unpub op at 1-2.[1] Defendant appealed after resentencing, which this Court affirmed under MCL 769.34(10), without addressing defendant's argument that his sentence was not proportionate. *Id*.

---

[1] Defendant does not challenge the sentences he received for his other convictions.

at 3-5. Defendant's application for leave to appeal in the Supreme Court was held in abeyance pending the decisions in *People v Posey* (Docket No. 162373) and *People v Stewart* (Docket No. 162497), which have now been decided, and the Supreme Court vacated this Court's previous opinion "to the extent that it is inconsistent with our decision in" *People v Posey*, 512 Mich 317, ___ NW2d ___ (2023) (*Posey II*), and remanded for reconsideration in light of *Posey*, denying leave to appeal in all other respects. *Vinson-Jackson III*, ___ Mich at ___.

MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

Before *Posey II*, this Court held that, in light of MCL 769.34(10)—and despite *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015) (rendering the sentencing guidelines advisory rather than mandatory)—"[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196 & n 1; 886 NW2d 173 (2016).

In *Posey II*, the Supreme Court considered whether this interpretation renders MCL 769.34(10) unconstitutional, and the lead opinion held that "*Lockridge* require[d] that the portion of MCL 769.34(10) requiring affirmation of within-guidelines sentences on appeal be struck as unconstitutional." *Posey II*, 512 Mich at 349 (lead opinion by BOLDEN, J.).[2] In *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 345491) (*Posey III*); slip op at 2, this Court clarified that the Supreme Court declared the first sentence of MCL 769.34(10) unconstitutional, and that the following principles apply:

> within-guidelines sentences are to be reviewed for reasonableness, that reasonableness review requires a determination whether a sentence was proportionate, that there is a nonbinding presumption of proportionality, meaning that a within-guidelines sentence is not binding on the Court of Appeals, that the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate, and that a within-guidelines sentence may

---

[2] Although no majority consensus was formed by the Supreme Court as to *why* the first sentence of MCL 769.34(10) is unconstitutional, the *Posey II* decision is a plurality decision, at least in part, and we choose to follow the lead opinion in the interests of judicial economy. See, e.g., *People v Scarborough*, 189 Mich App 341, 344; 471 NW2d 567 (1991).

indeed be disproportionate or unreasonable. [Quotation marks and citations omitted.]

The *Posey III* Court also set forth the basic caselaw governing the reasonableness and proportionality inquiry as follows:

> In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), the Michigan Supreme Court observed:
>
> > [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."
>
> > "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). With respect to sentencing and the guidelines, the key test is not whether a sentence departs from or adheres to the guidelines range. *Steanhouse*, 500 Mich at 472. The key test is whether the sentence is proportionate to the seriousness of the matter. *Id.* In regard to proportionality, the *Milbourn* Court "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." *Milbourn*, 435 Mich at 668. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). [*Posey III*, ___ Mich App at ___; slip op at 2-3.]

The question now before us is whether the trial court abused its discretion in resentencing defendant to 30 to 60 years' imprisonment for second-degree murder in light of *Posey II*. Defendant argues the trial court abused its discretion in imposing this sentence because it is not proportionate because defendant has no prior criminal history. We disagree.

Defendant was convicted of second-degree murder, CCW, and felony-firearm, but only challenges his sentence for second-degree murder. Videotape evidence was presented at trial showing a person approach the victim, Randle, and shoot him as he sat in his car at a gas station. Although the shooter's face could not be seen in the video, Randle's mother identified defendant in surveillance video from inside the gas station close in time to the shooting. Other evidence established a previous altercation between defendant and Randle, in which Randle fired a gun at defendant and his brother, striking defendant's brother. Defendant's only argument regarding proportionality is that his original sentence of 35 to 70 years was in the middle of the original sentencing guidelines range of 270 to 450 months, and he has no criminal history, so he should

have received a sentence in the middle of his new sentencing guidelines on remand, 225 to 375 months. "There is no supporting legal authority for the proposition that if a guidelines range is lowered, a trial court is mandated to also lower the minimum sentence on resentencing to render the sentence reasonable. The guidelines are *advisory* only." *Posey III*, ___ Mich App at ___; slip op at 3, citing *Lockridge*, 498 Mich at 399. The trial court did lower defendant's sentence on remand by five years to fall within the new guidelines. Moreover, defendant's argument that he lacks a criminal history is disingenuous. His presentence investigation report (PSIR) indicates he had five prior misdemeanor convictions, which the trial court reviewed before resentencing. The trial court acknowledged the lower guidelines range on remand, but decided to sentence defendant within the new guidelines based on all of the evidence presented at trial. Although defendant's new sentence lies at the top of the new sentencing guidelines range, he has not met his burden to prove that his sentence was not proportionate. He was convicted of second-degree murder, and had a criminal history. Therefore, the trial court did not abuse its discretion.

Affirmed.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien
/s/ Noah P. Hood